**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2100**

_____

ANGELA VANBUREN,

        Plaintiff - Appellant,

    v.

STEPHEN A. GRUBB,

        Defendant – Appellee,

    and

VIRGINIA HIGHLANDS ORTHOPAEDIC SPINE CENTER, LLC,

        Defendant.

_____

**No. 10-2161**

_____

ANGELA VANBUREN,

        Plaintiff - Appellee,

    v.

STEPHEN A. GRUBB,

        Defendant – Appellant,

    and

VIRGINIA HIGHLANDS ORTHOPAEDIC SPINE CENTER, LLC,

        Defendant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.   James C. Turk, Senior District Judge.  (7:10-cv-00132-jct)

Argued:  December 8, 2011                Decided:  March 21, 2013

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

James J. O'Keeffe, IV, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellant/Cross-Appellee.   Terry Neill Grimes, GRIMES & WILLIAMS, P.C., Roanoke, Virginia, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The background of this case is discussed in VanBuren v. Grubb, 471 F. App'x 228 (4th Cir. 2012). There, we certified to the Supreme Court of Virginia, pursuant to Rule 5:40 of the Rules of that court, the following question:

> Does Virginia law recognize a common law tort claim of wrongful discharge in violation of established public policy against an individual who was not the plaintiff's actual employer, such as a supervisor or manager, but who participated in the wrongful firing of the plaintiff?

Id. at 229.

Concluding that the "question as posed encompasse[d] a larger body of employees than [was] essential to produce a determinative answer in these proceedings," the Virginia Supreme Court restated our question as follows:

> Does Virginia law recognize a common law tort claim of wrongful discharge in violation of established public policy against an individual who was not the plaintiff's actual employer but who was the actor in violation of public policy and who participated in the wrongful firing of the plaintiff, such as in the capacity of a supervisor or manager?

VanBuren v. Grubb, 733 S.E.2d 919, 921 (Va. 2012); see also Virginia Supreme Court Rule 5:40(d) ("This Court may in its discretion restate any question of law certified . . . ."). On November 1, 2012, the court answered the question affirmatively. VanBuren, 733 S.E.2d at 924. Accordingly, we conclude that the district court erred in dismissing VanBuren's claim against Dr.

3

Grubb based on its determination that "were the Virginia Supreme Court to directly address this issue, it would find that wrongful discharge claims by an employee are cognizable only against the employer and not against supervisors or co-employees in their individual capacity." VanBuren v. Va. Highlands Orthopaedic Spine Ctr., LLC, 728 F. Supp. 2d 791, 794 (W.D. Va. 2010).

We therefore reverse the district court's judgment dismissing VanBuren's claim against Dr. Grubb and remand for further proceedings.

REVERSED AND REMANDED